The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FILO FOODS, LLC; BF FOODS, LLC; ALASKA AIRLINES, INC; and THE WASHINGTON RESTAURANT ASSOCIATION<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF SEATAC; KRISTINA GREGG, CITY OF SEATAC CITY CLERK, in her official capacity; and the PORT OF SEATTLE<br><br>Defendants.<br><br>SEATAC COMMITTEE FOR GOOD JOBS,<br><br>Intervenors. | No. 2:13-cv-02022 MJP<br><br>PLAINTIFFS' EMERGENCY MOTION TO REMAND<br><br>NOTE ON MOTION CALENDAR: November 12, 2013 |

Plaintiffs Filo Foods, LLC, BF Foods, LLC, Alaska Airlines, Inc., and the Washington Restaurant Association (collectively, "Plaintiffs"), respectfully request that this Court consider this motion on an emergency basis and order an immediate remand of this action to the King County Superior Court, from which it was removed by SeaTac Committee for Good Jobs ("Intervenor") on November 8, 2013.

PLAINTIFFS' EMERGENCY MOTION TO REMAND
(2:13-cv-02022-MJP) — 1
DWT 22939094v3 0017572-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## I.   INTRODUCTION

Plaintiffs filed this action in King County Superior Court *over four months ago* on July 8, 2013. Since that very first day, Plaintiffs' Original Complaint alleged both state law claims that the measure should not be on the November 5 ballot *and state and federal law claims* that the proposed ordinance is invalid. The Original Complaint sought both declaratory and injunctive relief, seeking to prevent the measure from appearing on the ballot and a declaratory judgment that the ordinance is invalid because it conflicts with or is preempted by state *and federal* laws and the Washington and *U.S. Constitutions* (and thus is beyond the power of the City to adopt by initiative). This was true ten days later on July 19, 2013, when Intervenor injected itself into this case. On October 29, 2013, Plaintiffs requested a hearing date for dispositive motions to be filed on both state and federal law claims so that the trial court could issue a ruling before the January 1, 2014, effective date of the proposed ordinance. Now, *after* more than four months of litigation, *after* substantive rulings adverse to Intervenor, and *after* the state court set a hearing for December 13, 2013, to hear dispositive motions (seeking a declaratory judgment that the Ordinance is invalid on both state and federal law grounds), Intervenor untimely and improperly removed this action to this court. Intervenor plainly seeks either a new forum (after the state court has issued adverse rulings) or to delay resolution of Plaintiffs claims (and likely both). Either way, its maneuvers are untenable, removal was improper, and remand is appropriate.

## II.   STATEMENT OF FACTS

**A.   Plaintiffs' Original Complaint Alleges Multiple Federal Claims and Seeks Both Injunctive and Declaratory Relief on Federal Law Grounds.**

By this action, Plaintiffs seek a declaratory judgment that a proposed "Ordinance Setting Minimum Employment Standards for Hospitality and Transportation Industry

PLAINTIFFS' EMERGENCY MOTION TO REMAND
(2:13-cv-02022-MJP) — 2
DWT 22939094v3 0017572-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Employers" (the "Ordinance") in the City of SeaTac is invalid. *See* Dkt. 1 at 83-94. A more detailed background of this action, the parties involved, and the Ordinance, is set forth in Plaintiffs' "Application for Writs of Review, Mandate, and Prohibition, and Complaint for Declaratory and Injunctive Relief," attached to Intervenor's Notice of Removal as Attachment 1 (the "Original Complaint"). Dkt. 1 at 1-9. Plaintiffs filed the Original Complaint in King County Superior Court over four months ago on July 8, 2013, naming the City of SeaTac and the SeaTac City Clerk as defendants (collectively, the "City Defendants"). *See id.* at 3, ¶ 4.

Plaintiffs' Original Complaint comprised two parts. In "Part One," Plaintiffs sought a writ, as required by the SeaTac Municipal Code, challenging the sufficiency of the initiative petition and seeking to prohibit the initiative from going to the City Council for vote or being placed on the ballot. Dkt. 1 at 19-29. In "Part Two," entitled "Declaratory judgment and writ of prohibition or injunction" Plaintiffs sought relief based on the substantive invalidity of the Ordinance. *Id.* at 29-40. Importantly and unquestionably, Plaintiffs' Original Complaint repeatedly asserted that the Ordinance is invalid because it is ***contrary to federal law and the U.S. Constitution*** on multiple grounds. *Id.* at 19-40.

Plaintiffs expressly alleged in the Original Complaint that the Ordinance conflicted with or was preempted by federal statutes: the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151-188, the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 151-169, and the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C. § 41713(b). *See* Dkt. 1 at 32-36. Plaintiffs provided a detailed explanation of the bases for these claims. *Id.*

Plaintiffs also asserted in the Original Complaint that "The Ordinance Violates the ***U.S. and Washington State Constitutions.***" Dkt. 1 at 36-37 (emphasis added). Specifically, Plaintiffs alleged that the Ordinance "substantially impairs contract rights or contractual

PLAINTIFFS' EMERGENCY MOTION TO REMAND
(2:13-cv-02022-MJP) — 3
DWT 22939094v3 0017572-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

relationships *in violation of the Contract Clause of the U.S. Constitution." Id.* at 36, ¶ 68 (emphasis added). Plaintiffs provided an explanation of the basis for their federal constitutional claim. *See id.* at 36-37.

Finally, in the Original Complaint, Plaintiffs sought broad declaratory and injunctive relief preventing any advancement of the underlying Ordinance that encompassed *all* of Plaintiffs' federal allegations. Dkt. 1 at 37-42. For instance, Plaintiffs' demand for declaratory relief asked for a "judgment declaring that the Ordinance is beyond the scope of the initiative power of the City of SeaTac, as well as such other and further relief as may follow from the entry of such a declaratory judgment." *Id.* at 41, ¶ 4. Plaintiffs' demand for an injunction stated that "the Ordinance seeks to alter protections afforded by the *United States* and Washington *Constitutions*, as well as state and *federal law." Id.* at 39, ¶ 81 (emphasis added).

### B. Intervenor Entered the Action in July 2013.

With their Original Complaint, Plaintiffs filed their Motion and Application for Writs of Review, Mandate and Prohibition in Superior Court. On July 19, 2013, the Committee for Good Jobs (the initiative sponsor) intervened. Dkt. 1 at 3, ¶ 6. At that point, of course, the Original Complaint continued to assert various state and federal law claims, based on state and federal statutes and state and the United States constitutions. *See id.* at 19-40.

Plaintiffs' Motion for Writs concerned "Part One" of Plaintiffs' Original Complaint, challenging the sufficiency of the signatures supporting the petition and complaining of other procedural defects under applicable local election procedures. Plaintiffs sought to prevent the measure from being placed on the November 5 ballot. *See* Dkt. 1 at 4, ¶ 8. The trial court initially denied the motion and declined to issue the requested writs, pending consideration of the challenges by the City's Petition Review Board. Following review by the Petition Review

PLAINTIFFS' EMERGENCY MOTION TO REMAND
(2:13-cv-02022-MJP) — 4
DWT 22939094v3 0017572-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Board, Plaintiffs renewed their Motion for Writs. On August 26, 2013, the Superior Court granted issued the requested writs, over Intervenor's objection, prohibiting the Ordinance from appearing on the ballot because it lacked sufficient valid signatures. Dkt. 1 at 4, ¶ 8. The Superior Court also denied Intervenor's motion for reconsideration. Subsequently, the Washington Court of Appeals, Division I, reversed and vacated the Superior Court's order and quashed the writs.[1] Dkt. 1 at 4, ¶ 9.

### C. Plaintiffs' Proposed Amending Their Complaint and Set a Hearing Date.

If the initiative passes, it will go into effect on January 1, 2014. Dkt. 1 at 94 § 3. In anticipation of filing dispositive motions in time to obtain rulings before that date, Plaintiffs sought consent from the City and Intervenor to allow Plaintiffs to amend their Original Complaint to articulate additional state and federal law grounds to invalidate the Ordinance. *See* Meissner Decl., ¶ 5. One of the new claims was a claim that the Ordinance exceeded the power of the City of SeaTac because the City lacked the power or jurisdiction to regulate at the Seattle-Tacoma International Airport ("Sea-Tac Airport"), which is owned and operated by the Port of Seattle, a separate municipality under Washington law. The proposed Amended Complaint added the Port as a party because of its obvious interest in this issue. Significantly, the Amended Complaint maintained *all* of Plaintiffs' previous federal claims with a few clarifications and additional allegations, all of which arise out of the same facts and circumstances as set forth in the Original Complaint. *See* Dkt. 1 at 44-80 ("Amended Complaint").[2]

---

[1] The Washington Court of Appeals stated in its order that it would provide written reasons in due course, and that opinion has not yet been issued. Declaration of Rebecca Meissner ("Meissner Decl."), Ex. A.
[2] For the Court's convenience, Plaintiffs provide a red-lined comparison of the Original Complaint and the Amended Complaint that was previously provided to the Superior Court and all parties. Meissner Decl., Ex. B.

PLAINTIFFS' EMERGENCY MOTION TO REMAND
(2:13-cv-02022-MJP) — 5
DWT 22939094v3 0017572-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

On October 24, 2013, Plaintiffs provided Intervenor with a draft proposed Amended Complaint, but Intervenor did not stipulate to the amendment. Meissner Decl., ¶ 5. Plaintiffs then filed a motion to amend that was granted on November 5, 2013. *Id.*

Because the effective date of the Ordinance, if it passes, will be January 1, 2014, on October 29, 2013, Plaintiffs requested a December hearing date for dispositive motions. Plaintiffs also requested permission to file two motions – one on state law claims, and the other on federal law claims. Meissner Decl., Ex. C. On October 30, 2013, the Superior Court granted Plaintiffs request to file one state law motion and one federal law motion, scheduled a hearing on both motions for December 13, 2013, at 2:30 p.m., and directed the parties to work out a briefing schedule. *Id.*

Pursuant to the Superior Court's direction, Plaintiffs proposed a briefing schedule to the other parties, and all parties (including Intervenor) negotiated regarding an acceptable briefing schedule that accounted for the Thanksgiving holiday. Ultimately, Intervenor would not commit to a schedule. Meissner Decl., ¶ 7.

### D.   Plaintiffs' Amended Complaint.

The Superior Court granted Plaintiffs' motion for leave to amend on November 5, 2013, and Plaintiffs filed the Amended Complaint on November 8, 2013. Dkt. 1 at 4 ¶ 13. All parties were served the same day.[3] In the Amended Complaint, Plaintiffs added a claim that the Ordinance exceeds the scope of the City's legislative power under state law by improperly regulating at the Sea-Tac Airport, which is outside its jurisdiction. Dkt. 1 at 66, ¶ 59.a.

---

[3] In the ongoing action, pursuant to agreement to serve documents by email, Intervenor was served with the Amended Complaint, along with the Port of Seattle on November 8, 2013. The Port of Seattle was personally served the Amended Complaint and Summons later the same day. Meissner Decl., ¶ 8.

PLAINTIFFS' EMERGENCY MOTION TO REMAND
(2:13-cv-02022-MJP) — 6
DWT 22939094v3 0017572-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Plaintiffs added the Port of Seattle, the municipality that owns and operates the airport, as a party because of its obvious interest in this issue. *See id.* at 49, ¶ 6.a.

Plaintiffs refined their theory of federal preemption under their existing Airline Deregulation Act claim. Dkt. 1 at 70, ¶ 67. Plaintiffs also added a dormant Commerce Clause claim and a claim that the Ordinance is void-for-vagueness to their existing claims that the Ordinance is invalid under the U.S. Constitution. *See id.* at 72, ¶¶ 68a.-b.

Finally, Plaintiffs clarified the relief sought. In the Original Complaint, Plaintiffs sought a preliminary and permanent injunction to prevent advancing the Ordinance to the ballot. Dkt. 1 at 39, ¶ 82. Plaintiffs also sought a declaratory judgment that the Ordinance is beyond the scope of the initiative power, "as well as such other and further relief as may follow from the entry of such declaratory judgment." *See id.* at 41, ¶ 4. In the Amended Complaint, Plaintiffs seeks "a permanent injunction prohibiting the City or any other party from taking any steps to enforce the provisions of the Ordinance" under the same legal theories that it is invalid under state and federal law. *See id.* at 76, ¶ 83.a.

As a comparison of the Original Complaint and the Amended Complaint reveals, all of the federal claims, allegations, and relief sought in the Amended Complaint concern the invalidity of the Ordinance as a matter of state and federal law and ***as previously alleged in the Original Complaint***. *See id.*; Meissner Decl., Ex. B.

E. **The Unresolved Election and Intervenor's Removal.**

The Ordinance appeared on the November 5, 2013 ballot. As of the most recent report at 8:15 PM on November 8, 2013, King County has counted 43 more votes for the Ordinance than against it, a 0.86 percent difference. Meissner Decl., ¶ 9, Ex. D. Election officials are

PLAINTIFFS' EMERGENCY MOTION TO REMAND
(2:13-cv-02022-MJP) — 7
DWT 22939094v3 0017572-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

still counting ballots, and there appear to be several hundred more to count. The results of the election will not be certified until November 26, 2013. RCW 26A.60.190.

On November 8, 2013, the day Plaintiffs filed the Amended Complaint, Intervenor removed this case to federal court, despite the fact that the Original Complaint, filed four months earlier, asserted nearly all the same federal claims. *See* Dkt. 1 at 4, ¶ 13.

Plaintiffs hereby request that this Court remand this action to the King County Superior Court to facilitate resolution of this matter prior to the effective date of the Ordinance. By email to Judge Darvas (and copy to all parties), Plaintiffs have requested that the state court keep the December 13 hearing date for the dispositive motions in this matter, in anticipation of a remand. Meissner Decl., ¶ 10, Ex. E.

### III.   ARGUMENT

"On a motion for remand, the burden of establishing the propriety of removal rests with the removing defendant." *Tacey Goss P.S. v. Barnhart*, 2013 WL 4761024, at *2 (W.D. Wash. Sept. 4, 2013) (Pechman, C.J.) (citing *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006)). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." *Id.* (citing *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004)). "There is a strong presumption against removal jurisdiction and the Court 'strictly construe[s] the removal statute against removal jurisdiction.'" *Id.* (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). "The Court resolves all ambiguity in favor of remand to state court and ***federal jurisdiction must be rejected*** if there is ***any doubt as to the right of removal*** in the first place." *Id.* (emphasis added) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Intervenor cannot meet its burden to justify removal jurisdiction. Remand is appropriate.

PLAINTIFFS' EMERGENCY MOTION TO REMAND
(2:13-cv-02022-MJP) — 8
DWT 22939094v3 0017572-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

A.     **Intervenor Failed to Timely Remove this Action.**

The time for removing this action has passed. A removal notice "***shall*** be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1) (2012) (emphasis added). "If a case is removable from the outset, it must be removed within the initial thirty-day period specified by § 1446(b); subsequent events do not make it 'more removable' or 'again removable.'" *Samura v. Kaiser Found. Health Plan, Inc.*, 715 F. Supp. 970, 972 (N.D. Cal. 1989) (citation omitted). "Once the right to remove is waived, it is generally waived for all time (and for all defendants), regardless of subsequent changes in the case." *Dunn v. Gaiam, Inc.*, 166 F. Supp. 2d 1273, 1278-79 (C.D. Cal. 2001).

From day one, Plaintiffs' Original Complaint expressly asserted federal preemption and constitutional claims. Unquestionably, courts exercise federal question jurisdiction over a plaintiff's action to enjoin the government from regulation based on federal preemption. 28 U.S.C. § 1331 (2012); *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n.14, 103 S. Ct. 2890 (1983) ("A plaintiff who seeks injunctive relief from state regulation, on ground that such regulation is pre-empted by a federal statute" states § 1331 jurisdiction); *S. Pac. Trans. Co. v. Pub. Utils. Comm'n of Cal.*, 716 F.2d 1285, 1288 (9th Cir. 1983) (same). Suits alleging that government action violates the U.S. Constitution also, of course, state a cause "arising under the Constitution." 28 U.S.C. §1331 (2012); *Constr. Indus. Ass'n of Sonoma Cnty. v. City of Petaluma*, 522 F.2d 897, 903 (9th Cir. 1975) (constitutional challenge to city zoning plan). Intervenor's 30-day timeline for removal thus began – at the latest – on July 19, 2103, when it intervened and joined in the action and otherwise had a copy of the initial pleading. *See* Dkt. 1 at 3, ¶ 6; *Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1256 (9th Cir. 1989) (litigant's

PLAINTIFFS' EMERGENCY MOTION TO REMAND
(2:13-cv-02022-MJP) — 9
DWT 22939094v3 0017572-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

active participation in suit barred argument that removal time-period began only upon its formal joinder as defendant). Accordingly, Intervenor's removal window closed in August 2013, and removal now is untimely.

### B. The Amended Complaint Did Not "Revive" Expired Removal Rights.

#### 1. The Amended Complaint is not "substantially a new suit."

Seeking to evade the 30-day deadline, Intervenor claims that removing the Amended Complaint "is timely because it falls within the judicially-created revival exception." Dkt. 1 at 7, ¶¶ 22-27). Intervenor is wrong. To begin with, the Ninth Circuit has declined to address whether this Circuit will read this judge-made exception into removal statutes, citing authority criticizing this approach as contrary to precepts disfavoring removal. *Kuxhausen v. BMW Fin. Servs. N. Am., LLC*, 707 F.3d 1136, 1143 & n.5 (9th Cir. 2013); *Dunn v. Gaiam, Inc.*, 166 F. Supp. 2d 1273, 1279 (C.D. Cal. 2001) (questioning wisdom of exception).

Even if the revival exception is not foreclosed in this Circuit, Intervenor cannot show that this exception of "exceedingly narrow scope" applies. *Dunn*, 166 F. Supp. 2d at 1279. To qualify, an amendment must "so change[] the nature of the action as to constitute 'substantially a new suit begun that day.'" *Wilson v. Intercollegiate (Big Ten) Conf. Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982), *cert. denied*, 459 U.S. 831 (1983). That is far from the case here.

The Seventh Circuit's decision in *Wilson* is instructive. 668 F.2d at 964. There, a college football player sued in state court, alleging defendants' athletic rules denied him equal protection and due process in violation of the Illinois and U.S. Constitutions. *Id.* at 964. After several months of litigation and rulings favoring the plaintiff Wilson, he added violations of multiple other federal statutes and the First Amendment. *See id.* In *Wilson*, Defendants removed the case, and the district court denied remand. The Seventh Circuit reversed,

PLAINTIFFS' EMERGENCY MOTION TO REMAND
(2:13-cv-02022-MJP) — 10
DWT 22939094v3 0017572-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

concluding that the new federal claims "did not change the original complaint *so drastically* that the purposes of the 30-day limitation would not be served." *Id.* at 966 (emphasis added). Rather, Wilson's "basic legal theory" – that the defendants applied rules unfairly and denied him a fair hearing – was the same; the amendments "merely added constitutional and statutory references" further showing that his treatment was unlawful. *Id.* at 966.

So too here. The additional dormant Commerce Clause and vagueness claims merely add to the bases for the Ordinance's illegality and fully square with Plaintiffs' "basic legal theory" from the outset: that adoption of the Ordinance exceeds the City's legislative authority because the Ordinance conflicts with Washington and federal statutory law and the Washington and U.S. constitutions. *See Wilson*, 668 F.2d at 966. Intervenor's claim that in the Original Complaint "relief was tied exclusively to Plaintiffs' efforts, *pursuant to state law*" is patently false. Dkt. 1 at 8, ¶ 26 n.1 (emphasis added). That Plaintiffs more formally detailed the injunctive relief sought, in addition to the injunctive and declaratory relief *already* requested, is not enough to trigger "revival." *Potty Pals, Inc. v. Carson Fin. Grp.*, 887 F. Supp. 208, 210 (E.D. Ark. 1995) (*new* claim for preliminary and permanent injunction did not restart removal clock). Neither is "adding the Port of Seattle as a new defendant," (Dkt. 1 at 8, ¶ 26), whom Intervenor elsewhere claims is merely a "nominal" party. *Id.*, ¶ 15. *Cf. Dunn*, 166 F. Supp. 2d at 1279-80 (new RICO claim and five new defendants did not revive "squandered" right).

### 2.  Removal now would be contrary to the policies behind the 30-day removal period.

Aside from failing the "substantially new suit test," Intervenor's delayed efforts conflict with the two-fold purpose of the 30-day removal limit: (1) to "deprive defendant" of the tactic to "wait and see how he was faring in state court," and (2) to prevent "delay and waste of resources" by restarting in a new forum. *Wilson*, 668 F.2d at 965. This was true in *Wilson*

PLAINTIFFS' EMERGENCY MOTION TO REMAND
(2:13-cv-02022-MJP) — 11
DWT 22939094v3 0017572-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

where defendants, like the Intervenor here, attempted "to escape what had turned out to be an unfavorable state forum," and "interrupted an active litigation, thus reducing judicial economy." *Id.* at 965, 966; *see also Aynesworth v. Beech Aircraft Co.*, 604 F. Supp. 630, 637 (W.D. Tex. 1985) ("A defendant simply cannot 'experiment on his case in the state court, and, upon and adverse decision, then transfer it to the Federal Court.'" (citation omitted)).

Likewise here, the Superior Court action below has been ongoing for ***more than four months***, including rulings by that court ***adverse to Intervenor***. *See, e.g.*, Dkt. 1 at 4, ¶ 8 (prohibiting Ordinance from appearing on ballot). The Superior Court has set a hearing date on Plaintiffs' Motions for Declaratory Judgment for December 13, and if that court disposes of the Ordinance on state-law grounds, it will avoid the federal questions altogether. Removal to this Court at this stage would therefore disserve policies promoting judicial economy and discouraging forum shopping.

### C. Even Under Intervenor's Theory, Removal Is Improper.

Intervenor also attempts to evade the expired removal deadline by claiming that the federal claims, and thus removal, were not ripe before the November 5 election because the Ordinance had not yet been adopted. *See* Dkt. 1 at 6-7. Intervenor filed its notice of removal, stating that voters "appear to have passed" the Ordinance, which (according to Intervenor) now makes the federal claims ripe. *See id.* at 4, ¶ 12; *id.* at 6, ¶18. But if the federal claims were not ripe in July, August, September, or October, because the Ordinance had not yet been adopted by the voters, then they are not ripe now for the same reason. Election officials are still counting ballots and the Ordinance's early lead has eroded: as of the most recent report, only ***43 votes*** separate approval from rejection, a scant 0.86 percent margin. *See* Meissner Decl., ¶ 9, Ex. D. Election officials still have to count several hundred more ballots and

PLAINTIFFS' EMERGENCY MOTION TO REMAND
(2:13-cv-02022-MJP) — 12
DWT 22939094v3 0017572-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

consider and resolve questions regarding problematic ballots. The final results will not be certified, per state law, until November 26, as Intervenor itself points out. RCW 26A.60.190; Dkt. 1 at 4, ¶ 12. Put simply, the Ordinance still *has not passed*. Thus, even under Intervenor's theory that this action was not ripe and not removable *pre-adoption*, it is still not ripe "*as it stands at the time of removal*." *Redevelopment Agency of City of San Bernardino v. Alvarez*, 288 F. Supp. 2d 1112, 115 (C.D. Cal. 2003) (emphasis added); *Nev. Rest. Ass'n v. PEST Comm.*, 2008 WL 8225546, at *2-3 (D. Nev. July 15, 2008). Accordingly, even under Intervenor's theory, remand is still warranted.

### D. Removal Fails Because Defendant Port of Seattle Did Not Consent.

Removal also fails as the Port did not consent to removal. Dkt. 1 at 5, ¶ 15; 28 U.S.C. § 1446(b)(2)(A); *see Proctor v. Vishnay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) ("rule of unanimity"); *Tacey Goss P.S.*, 2008 WL 4761024, at *2 (lack of unanimity "renders the removal procedurally defective"). The Port was served on November 8, 2013, the same day that Plaintiffs' filed their Amended Complaint and Intervenor removed. Meissner Decl., ¶ 8. Because Intervenor had knowledge that the Port would not initiate removal on its own or consent to removal, Intervenor filed its notice of removal immediately after Plaintiffs filed the Amended Complaint. The Port received the Amended Complaint by email at the same time as Intervenor and was personally served later that day. Intervenor should have properly sought and received the Port's consent before removing this action.

Nor can Intervenor meet its burden to prove that the Port is merely a "nominal party" whose consent is not needed. *Silva v. Wells Fargo Bank NA*, 2011 WL 2437514, at *3 (C.D. Cal. June 16, 2011) ("[T]he burden of demonstrating that the defendant is a nominal party rest[s] with the removing party." (quotation marks and citation omitted)); *cf. Hewitt v. City of*

PLAINTIFFS' EMERGENCY MOTION TO REMAND (2:13-cv-02022-MJP) — 13
DWT 22939094v3 0017572-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

*Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986) (city was not "nominal party" in civil rights action against city employee). Here, Plaintiffs have added the Port as a formal party and the municipal body governing Sea-Tac Airport. Under guidance that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal," Intervenor cannot meet its removal burden and remand is appropriate. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

### E. Alternatively, this Court Should Remand Plaintiffs' State Claims.

If the Court declines to remand this case in its entirety, Plaintiffs request that the Court decline supplemental jurisdiction and remand Plaintiffs' state law claims. *See* 28 U.S.C. § 1367(c) (2012). Remand of Plaintiffs' state law claims is appropriate where, as here, the state law claims "substantially predominate[]" over the federal claims. *Id.* § 1367(c)(2); *see* Dkt. 1 at 44-81. Remand is also appropriate where Plaintiffs' state law claims are also likely to raise "a novel or complex issue of State law," such as the scope of local initiative power and the proper limits of the City's authority to regulate at the Sea-Tac Airport. 28 U.S.C. § 1367(c)(1). Moreover, a court's decision to decline jurisdiction is informed by values of "judicial economy, convenience, fairness, and comity." *Smith v. Lenches*, 263 F.3d 972, 977 (9th. Cir. 2001). Invoking these values here favors remand, particularly where the Superior Court has already presided over a significant portion of these proceedings, is familiar with the dispute and the Ordinance at issue, and has set a hearing date for Plaintiffs' dispositive motion on state law claims.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Remand. Plaintiffs' Complaint stated federal claims from the outset, rendering Intervenor's removal untimely and remand appropriate. Intervenor cannot now escape that

PLAINTIFFS' EMERGENCY MOTION TO REMAND (2:13-cv-02022-MJP) — 14
DWT 22939094v3 0017572-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

result – or that state forum – under either of its theories of removal "revival" or "ripeness." The Court should remand the case and order that this remand be effective immediately so that the state court may consider dispositive motions before the effective date of the Ordinance.

DATED this 12th day of November, 2013.

        Davis Wright Tremaine LLP
        Attorneys for Alaska Airlines, Inc. and
        Washington Restaurant Association


        By s/Harry Korrell
           Harry J. F. Korrell, WSBA #23173
           1201 Third Avenue, Suite; 2200
           Seattle, WA 98101-3045
           Telephone: (206) 622-3150
           Fax: (206) 757-7700
           Email: harrykorrell@dwt.com


        Pacific Alliance Law, PLLC
        Attorneys for Filo Foods, LLC and BF Foods, LLC


        By s/Cecilia Cordova
           Cecilia Cordova, WSBA # 30095

PLAINTIFFS' EMERGENCY MOTION TO REMAND
(2:13-cv-02022-MJP) — 15
DWT 22939094v3 0017572-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**VIA EMAIL/U.S. MAIL**
Wayne D. Tanaka, WSBA # 6303, wtanaka@omwlaw.com
Ogden Murphy Wallace P.L.L.C.
901 Fifth Avenue, Suite 3500
Seattle, WA 98164

**VIA EMAIL/U.S. MAIL**
Dmitri Iglitzin, iglitzin@workerlaw.com
Jennifer Robbins, robbins@workerlaw.com
Schwerin Campbell Barnard Iglitzin & Lavitt
18 W. Mercer Street, Suite 400
Seattle, WA 98119

**VIA EMAIL/U.S. MAIL**
Mary Mirante Bartolo, WSBA # 20546,
mmbartolo@ci.seatac.wa.us
Mark Johnsen, WSBA # 28194, mjohnsen@ci.seatac.wa.us
City of SeaTac Attorney's Office
4800 South 188th Street
SeaTac, WA 98188-8605

**VIA EMAIL/U.S. MAIL**
Shane P. Cramer, shanec@calfoharrigan.com
Tim Leyh, timl@calfoharrigan.com
Calfo Harrigan Leyh & Eakes LLP
999 Third Avenue, Suite 4400
Seattle, WA 98104

Dated this 12th day of November, 2013.

_Donna Alexander_
Donna Alexander

PLAINTIFFS' EMERGENCY MOTION TO REMAND
(2:13-cv-02022-MJP) — 16
DWT 22939094v3 0017572-000176

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax