UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FILO FOODS LLC, et al., | CASE NO. C13-2022 MJP |
| Plaintiffs, | ORDER GRANTING MOTION FOR REMAND |
| v. | |
| CITY OF SEATAC, et al., | |
| Defendants. | |
| SEATAC COMMITTEE FOR GOOD JOBS, | |
| Intervenors. | |

This matter is before the Court on Plaintiff's emergency motion to remand. (Dkt. No. 6.) The Court considered the motion, the response (Dkt. No. 14), reply (Dkt. No. 22), and all related documents. The Court also considered the oral arguments presented on November 20, 2013. The Court GRANTS the motion and REMANDS the case.

ORDER GRANTING MOTION FOR REMAND- 1

## Background

Plaintiffs Filo Foods, LLC, BF Foods, LLC, Alaska Airlines, Inc., and the Washington Restaurant Association originally filed this action in King County Superior Court on July 8, 2013, seeking injunctive and declaratory relief, asserting a proposed "Ordinance Setting Minimum Employment for Hospitality and Transportation Industry Employers" ("the Ordinance") in the City of SeaTac is invalid. (Dkt. No. 6 at 2-3.)  SeaTac Committee for Good Jobs entered the case as Intervenor on July 19, 2013. (Id.) A hearing date for dispositive motions was set in the state case for December 13, 2013, in order for the court to be able to issue a ruling before the potential January 1, 2014 effective date of the Ordinance. (Id.)

On July 23, 2013, the SeaTac City Counsel voted to place the Ordinance on the November 5, 2013 ballot. (Dkt. No. 1 at 4.) On August 26, 2013, the King County court granted the Plaintiffs' motion and application for writs of review, mandate and prohibition filed in that court on grounds there was an insufficient number of signatures to put the initiative on the November 5th ballot. (Id.) On September 6, 2013, the Washington State Court of Appeals granted discretionary review, reversing and vacating the King County court's ruling. (Id.) On October 25, 2013, Plaintiffs filed a motion for leave to amend their complaint in King County. (Id.) On November 5, Plaintiffs' motion to amend was granted, and voters of the City of SeaTac cast their votes on the Ordinance. (Id.)

Plaintiffs' filed an Amended Complaint on November 8, 2013, and Intervenors removed to this Court the same day. (Dkt. No. 1 at 5.)  Defendant Port of Seattle was added to the case in the Amended Complaint. (Dkt. No. 7 at 10.) Port of Seattle was served on November 8, 2013, but Intervenors allege Port of Seattle was not yet served at the time of removal. (Dkt. No. 1 at 5.)

Defendant Port of Seattle does not consent to removal. (Dkt. No. 9.) On November 12, 2013, Plaintiffs filed an emergency motion to remand.

**Analysis**

I. Standard

A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441. A complaint "arises under" federal law such that it invokes federal question jurisdiction when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire HealthChoice Assur., Inc. v. McVeigh, 547 U.S. 677, 690 (2006), quoting Franchise Tax Bd. of Cal. V. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 27-78 (1983). Generally, notice of removal must be filed within 30 days after receipt of the complaint. 28 U.S.C. § 1446(b)(1).

On a motion for remand, the burden of establishing the propriety of removal rests with the removing defendant. Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006). The defendant also has the burden of showing it complied with the procedural requirements for removal. Cal. ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004). There is a strong presumption against removal jurisdiction and the Court "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). The Court resolves all ambiguity in favor of remand to state court, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first place. Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

The Parties appear to agree the Amended Complaint states federal claims that would ordinarily confer federal question jurisdiction over this case. The Parties also do not dispute

Intervenor's removal notice falls well outside the general 30-day removal period as far as the initial Complaint is concerned. The only question for this Court to consider is whether or not some other factor makes this matter removable upon the filing of the Amended Complaint or upon the November 5, 2013 election day. Intervenor asserts removal is proper because the Amended Complaint includes a claim for "injunctive relief against post-enactment enforcement based on federal law." (Dkt. No. 1 at 5.) Intervenor claims removal is timely because the amended compliant raised federal questions for the first time, and because "[T]here is no federal removal jurisdiction over state-court pre-election challenges to proposed ballot measures[.]" (Id. at 6.) Plaintiffs put forth three main arguments to show removal is improper: (1) the initial Complaint was removable when originally filed, making removal at this point untimely; (2) the co-defendant Port of Seattle did not consent to removal so removal is improper; and (3) to the extent Intervenor asserts the original Complaint was not removable because the Ordinance had not been voted on at the time, voting results are still not final so the matter remains unripe for removal. Because the Court agrees removal is not ripe and remands on that basis, the Court declines to address the other issues presented.

II. Ripeness for Removal

The doctrine of "ripeness is a means by which federal courts may dispose of matters that are premature for review because the plaintiff's purported injury is too speculative and may never occur." Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir. 2010). The basic rationale for the ripeness doctrine is to prevent courts from becoming entangled in abstract arguments. Abbott Labs. v. Gardner, 387 U.S. 136, 148 (1967).

Intervenor argues removal is timely because when the initial Complaint was filed, federal subject-matter jurisdiction did not exist because the claim was a state-court pre-election

challenge to a proposed ballot measure. (Dkt. No. 1 at 6.) For the proposition the claim was unripe for removal at the time of the initial Complaint, Intervenors cite Nevada Restaurant Ass'n v. Pest Comm., 2008 U.S. Dist. LEXIS 112443 (D. Nev., July 14, 2008). In Nevada Restaurant, the court considered removal jurisdiction over a pre-election proposed ballot initiative. Id. at *3. While noting the Ninth Circuit has not specifically spoken on the issue, Nevada Restaurant expressed it was following the majority of courts that have considered the issue by finding the claim unripe for removal and remanding the case. Id. at *7. One of the bases Nevada Restaurant cites for lack of ripeness is the concern a ballot measure that has not yet passed may never pass, so claims based on a pre-election measures fail to present a "case or controversy" sufficient to establish federal jurisdiction. Id. at *6.

Plaintiffs argue, citing no authority, that the initial Complaint bringing a pre-election challenge to the Ordinance was ripe for removal at the time of filing. (Dkt. No. 15 at 5.) In the alternative, they argue, if this case was not ripe for removal at the time of filing it is not ripe now because the November 5, 2013 election results are still not final. (Id.) The Court agrees with Plaintiffs' alternative argument. Although votes were cast on November 5, 2013, the Ordinance has not yet been adopted. (Dkt. No. 6 at 12.) Per Washington law, election results are not certified until 21 days after a general election, and here the results will not be certified until November 26, 2013. RCW 29a.60.190. Like in Nevada Restaurant, the Amended Complaint presents a challenge to a proposed ordinance not yet passed, and which may ultimately never become law. As such, this case is unripe for removal.

## Conclusion

Because this case is not ripe for this Court's consideration, the motion to remand is GRANTED and this case is REMANDED.

1  The clerk is ordered to provide copies of this order to all counsel.

2  Dated this 20th day of November, 2013.

3

4

5  

                    Marsha J. Pechman

6                      Chief United States District Judge